UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUDGE FEINERMAN

| UNITED STATES OF AMERICA | ) | No. 13 CR 377 |
| --- | --- | --- |
| v. | ) | Violations: Title 18, United States Code, Section 1347 |
| ANKUR ROY, AKASH PATEL, and DIPEN DESAI | ) | MAGISTRATE JUDGE VALDEZ UNDER SEAL |

RECEIVED
FILED
MAY 08 2013
5-8-13
MICHAEL T. MASON
UNITED STATES MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

## COUNT ONE

The SPECIAL MARCH 2013 GRAND JURY charges:

1. At times material to this indictment:

    a. Defendants ANKUR ROY, AKASH PATEL, and DIPEN DESAI were the owners and operators of Selectcare Health, Inc., a registered Medicare provider of outpatient physical and respiratory therapy located in Park Ridge and Skokie, Illinois.

    b. Therapist A was employed by Selectcare as its sole licensed respiratory therapist.

    c. Medicare was a health care benefit program, as defined at Title 18, United States Code, Section 24(b), that provided free or below-cost health care benefits to certain eligible individuals ("Medicare beneficiaries"), primarily individuals over the age of 65.

    d. Blue Cross Blue Shield of Illinois was a health care benefit program, within the meaning of Title 18, United States Code, Section 24(b), which offered, among other products, supplemental insurance to Medicare-eligible individuals.

e. Medicare was administered by the Centers for Medicare and Medicaid Services ("CMS"), an agency of United States Department of Health and Human Services. CMS contracted with private health insurance carriers to process Medicare claims and to perform certain administrative functions. In the State of Illinois, CMS contracted with a health insurance carrier known as National Government Services.

f. Medicare ordinarily authorized payment for services only if those services were actually provided and were "medically necessary," that is, services were required because of disease, disability, infirmity, or impairment. Medicare would not pay for services and treatment that were not actually provided.

g. Enrolled providers of medical services to Medicare recipients were eligible for reimbursement for covered medical services. By becoming a participating provider in Medicare, enrolled providers agreed to abide by the rules, regulations, policies and procedures governing reimbursement.

h. To be paid for services rendered, a Medicare provider was required to submit a claim for payment containing certain required information pertaining to the Medicare beneficiary, including the patient's name and address, a description of the medical service provided to the patient, the date on which the service was provided, and the procedure code associated with that service. Medicare providers could submit claims electronically.

i. Once National Government Services processed and paid a claim

submitted by a provider, if the patient on whose behalf the claim was submitted also had supplemental private insurance, such as Blue Cross Blue Shield, National Government Services forwarded the remaining portion of the claim to the patient's supplemental health care insurance so that the private insurer could review and process the remaining claim.

j.   Health care providers used a uniform system of coding to report professional services, procedures, supplies, and diagnoses. The American Medical Association published the Physicians' Current Procedural Terminology Manual which set forth numerical codes, known as CPT codes, for medical procedures. Each claim form had to contain the five-digit CPT code identifying the service provided to a beneficiary on a particular date. The CPT Manual defined the procedural and medical requirements that needed to be met in order to bill for a particular service, including, in some instances, the amount of time associated with each unit of a particular service.

k.   The relevant CPT codes relating to respiratory therapy administered by Selectcare were: 94761, the administration of a pulse oxymeter multiple times during one therapy session; G0237, breathing exercises measured in 15-minute units; and G0238, respiratory therapy measured in 15-minute units.

l.   Selectcare maintained a business checking account ending in X1572 at Chase Bank. Electronic funds transfers from National Government Services, and checks issued by Blue Cross Blue Shield, were deposited into this bank account.

2.   Beginning no later than March 2011, and continuing until at least October

3

2011, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

ANKUR ROY,<br>AKASH PATEL,<br>and DIPEN DESAI,

defendants herein, knowingly and willfully participated in a scheme to defraud health care benefit programs, namely Medicare and Blue Cross Blue Shield, as defined in Title 18, United States Code, Section 24(b), and to obtain, by means of materially false and fraudulent pretenses, representations and promises, money and property owned by, and under the custody and control of Medicare and Blue Cross Blue Shield, in connection with the delivery of and payment for health care benefits, items, and services.

3. It was part of the scheme that defendants ROY, PATEL, and DESAI submitted and caused to be submitted false and fraudulent claims to Medicare and Blue Cross Blue Shield on behalf of Selectcare patients for respiratory therapy services that were never provided to those patients. Specifically, the false and fraudulent claims sought reimbursement for respiratory therapy services (i) allegedly provided on days that Therapist A, Selectcare's sole respiratory therapist, was not working; (ii) for time periods in which the patients were not receiving care from Selectcare; and (iii) for treatment seven days a week for three hours per day, a schedule well in excess of any schedule prescribed for patients at Selectcare.

4. It was further part of the scheme that defendants ROY, PATEL, and DESAI submitted the false and fraudulent claims to a third-party billing service, which they knew

would then forward the false and fraudulent claims to Medicare and, if the patient on whose behalf the claims were submitted had supplemental private insurance, to the private insurer, such as Blue Cross Blue Shield.

5. It was further part of the scheme that defendants ROY, PATEL, and DESAI used the personal identifying information of current and former Selectcare patients in order to submit false and fraudulent claims.

6. It was further part of the scheme that defendants ROY, PATEL, and DESAI withdrew and caused to be withdrawn the proceeds of the scheme by cashiers' checks payable to themselves, and directly transferred, and caused to be transferred, the proceeds of the scheme to pay debts and purchase assets for their benefit.

7. It was further part of the scheme that defendants ROY, PATEL, and DESAI concealed, misrepresented, and hid, and caused to be concealed, misrepresented, and hidden, the existence of the scheme and the purposes of the scheme.

8. It was further part of the scheme that between approximately March 2011 and approximately July 2011, defendants ROY, PATEL, and DESAI knowingly submitted and caused to be submitted to Medicare a total of approximately $4,009,094 in false and fraudulent claims for respiratory therapy services that allegedly were provided between approximately April 2010 and April 2011, resulting in the total payment of approximately $2,214,424 from Medicare and $320,881 from Blue Cross Blue Shield.

9. On or about April 14, 2011, in the Northern District of Illinois, Eastern

Division, and elsewhere,

ANKUR ROY,
AKASH PATEL,
and DIPEN DESAI,

defendants herein, did knowingly and willfully execute and attempt to execute the above-described scheme by submitting and causing to be submitted to health care benefit programs, namely, Medicare and Blue Cross Blue Shield, a materially false and fraudulent claim, namely, a claim falsely representing that Patient JL had received respiratory therapy services between on or about April 14, 2010, to on or about April 22, 2010;

In violation of Title 18, United States Code, Section 1347.

## COUNT TWO

The SPECIAL MARCH 2013 GRAND JURY further charges:

1.     The allegations in paragraphs 1 through 8 of Count One of this indictment are incorporated here.

2.     On or about April 20, 2011, in the Northern District of Illinois, Eastern Division, and elsewhere,

> ANKUR ROY,
> AKASH PATEL,
> and DIPEN DESAI,

defendants herein, did knowingly and willfully execute and attempt to execute the above-described scheme by submitting and causing to be submitted to health care benefit programs, namely, Medicare and Blue Cross Blue Shield, a materially false and fraudulent claim, namely, a claim falsely representing that Patient AW had received three hours of respiratory therapy services on each day, from on or about May 19, 2010, to on or about May 25, 2010;

In violation of Title 18, United States Code, Section 1347.

## COUNT THREE

The SPECIAL MARCH 2013 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 8 of Count One of this indictment are incorporated here.

2. On or about April 26, 2011, in the Northern District of Illinois, Eastern Division, and elsewhere,

> ANKUR ROY,
> AKASH PATEL, and
> DIPEN DESAI,

defendants herein, did knowingly and willfully execute and attempt to execute the above-described scheme by submitting and causing to be submitted to health care benefit programs, namely, Medicare and Blue Cross Blue Shield, a materially false and fraudulent claim, namely, a claim falsely representing that Patient ST had received three hours of respiratory therapy services on each day from on or about July 2, 2010, to on or about July 8, 2010;

In violation of Title 18, United States Code, Section 1347.

## COUNT FOUR

The SPECIAL MARCH 2013 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 8 of Count One of this indictment are incorporated here.

2. On or about April 28, 2011, in the Northern District of Illinois, Eastern Division, and elsewhere,

> ANKUR ROY,
> AKASH PATEL,
> and DIPEN DESAI,

defendants herein, did knowingly and willfully execute and attempt to execute the above-described scheme by submitting and causing to be submitted to health care benefit programs, namely, Medicare and Blue Cross Blue Shield, a materially false and fraudulent claim; namely, a claim falsely representing that Patient ZK had received three hours of respiratory therapy services each day from on or about December 24, 2010, to on or about December 30, 2010;

In violation of Title 18, United States Code, Sections 1347.

## COUNT FIVE

The SPECIAL MARCH 2013 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 8 of Count One of this indictment are incorporated here.

2. On or about April 29, 2011, in the Northern District of Illinois, Eastern Division, and elsewhere,

ANKUR ROY,
AKASH PATEL,
and DIPEN DESAI,

defendants herein, did knowingly and willfully execute and attempt to execute the above-described scheme by submitting and causing to be submitted to health care benefit programs, namely, Medicare and Blue Cross Blue Shield, a materially false and fraudulent claim, namely, a claim falsely representing that Patient SO had received three hours of respiratory therapy services between on or about December 19, 2010, to on or about December 26, 2010;

In violation of Title 18, United States Code, Section 1347.

## COUNT SIX

The SPECIAL MARCH 2013 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 8 of Count One of this indictment are incorporated here.

2. On or about May 2, 2011, in the Northern District of Illinois, Eastern Division, and elsewhere,

ANKUR ROY,
AKASH PATEL,
and DIPEN DESAI,

defendants herein, did knowingly and willfully execute and attempt to execute the above-described scheme by submitting and causing to be submitted to health care benefit programs, namely, Medicare and Blue Cross Blue Shield, a materially false and fraudulent claim, namely, a claim falsely representing that Patient MC had received three hours of respiratory therapy services between on or about December 24, 2010, to on or about December 31, 2010;

In violation of Title 18, United States Code, Section 1347.

## FORFEITURE ALLEGATION

The SPECIAL MARCH 2013 GRAND JURY further alleges:

1. The allegations contained in Counts One through Seven of this Indictment are incorporated here for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(7).

2. As a result of their violations of Title 18, United States Code, Section 1347, as alleged in Counts One through Seven,

ANKUR ROY,<br>
AKASH PATEL,<br>
and DIPEN DESAI,

defendants herein, shall forfeit to the United States, any and all right, title and interest they may have in any property, real and personal, that constitutes and is derived, directly and indirectly, from gross proceeds traceable to the commission of the offense, which property is subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(7).

3. The interests of defendants subject to forfeiture include, but are not limited to, funds in the amount of at least $2,535,305, including but not limited to $446,974 in funds withdrawn by cashiers' checks from Chase Bank account ending in X1572 and seized, pursuant to a warrant, by the Federal Bureau of Investigation on or about July 23, 2012.

4. If any of the forfeitable property described above, as a result of any act or omission by defendant:

    (a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property, under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

A TRUE BILL:

_____
FOREPERSON


_____
UNITED STATES ATTORNEY